**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000026
28-DEC-2012
09:13 AM**

NO.  CAAP-12-0000026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF J CHILDREN:
KJ, KJ

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 09-12253)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Father-Appellant (Father) appeals from the Order Terminating Parental Rights, filed December 28, 2011 in the Family Court of the First Circuit[1] (family court).

On appeal, Father argues the family court lacked personal jurisdiction over him because the "record is absent any proof of service of the petitions and summons filed herein upon appellant."  Father claims that he was not personally served with the Petition for Foster Custody, filed  November 6, 2008 and an Amended Petition for Family Supervision, filed November 18, 2008, in violation of Hawaii Revised Statute (HRS) § 587-33 (Repl. 2006).

---

[1]     The Honorable Gale L.F. Ching presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude Father's appeal is without merit.

Father's claim that the family court lacked jurisdiction over him is without merit. A claim of lack of personal jurisdiction is waived when a party fails to assert the defense in a timely manner and in compliance with Hawai'i Family Court Rules 12(b), (g), (h)(1), and Rule 15(a). Puckett v. Puckett, 94 Hawai'i 471, 481, 16 P.3d 876, 886 (App. 2000) (husband's defense of lack of personal jurisdiction waived by failure to assert defense in first pleading, answer, first motion to dismiss, and personal appearance in court for hearing on pre-decree relief).

Father appeared at a hearing on July 13, 2009 to determine the paternity of the children. Father appeared at another hearing on August 20, 2009 in which he inquired about placement of the children with relatives but had no objection to continued foster custody. At a hearing on January 11, 2010, Father's counsel stated that Father had no objection to DHS's proposed order, which required DHS to assess whether visitation with Father was appropriate, and also asked that foster custody be continued. During that hearing, Father's counsel noted that Father was previously defaulted on Maui for not appearing, but Father's counsel only requested an expedited visit since Father was presently incarcerated. Since January 11, 2010, Father and/or his court appointed counsel attended every hearing before the family court. Father also participated in the trial to terminate his parental rights. Father waited until his closing argument at trial before asserting a claim of lack of personal jurisdiction. Therefore, Father's claim that the family court lacked personal jurisdiction over him was waived.

Therefore,

IT IS HEREBY ORDERED that the Order Terminating Parental Rights, filed December 28, 2011 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, December 28, 2012.

On the briefs:

Herbert Y. Hamada
for Father-Appellant.

Mary Anne Magnier
Erin K.S. Torres,
Deputy Attorneys General
for Petitioner-Appellee
Department of Human Services.

Chief Judge

Associate Judge

Associate Judge